IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12–CV–475–BR

| PRINCIPAL LIFE INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| ROBERT TERRY ELLISON, et al, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the court on Tabatha Marie Miller's motion (on behalf of herself and her sister, Edwardyne Ann Ellison, III)[1] (collectively "defendants") for disbursement of funds. (DE # 37.) The matter is now ripe for adjudication.

Defendants move for the equal disbursement of funds from the remaining one-third of their mother's, Edwardyne Ann Williams, life insurance policy. Defendants claim "Robert Terry Ellison [('Ellison')] is disqualified from receiving any of [their] mom's Life Insurance for he was the cause of her death." (Mot., DE # 37, at 1.) On 25 June 2013, the court stayed this action because Ellison disputed that his third of the insurance policy should be given to his two sisters and claimed that he was entitled to its proceeds unless he is established as a "slayer" under N.C. Gen Stat. § 31A-3. (DE # 30.) Thereafter, on 23 November 2015, Ellison was convicted of "First Degree Murder" and sentenced to "Life Imprisonment Without Parole." (J., DE # 37-1, 1-2.) Ellison appealed. On 8 December 2016, and 12 December 2016, defendants moved for the disbursement of the subject funds, (DE ## 31, 32), but the court denied the motions without

---

[1] This motion is filed only by one sister, Tabatha Marie Miller. (Mot., DE # 27, at 1.) She represents that the motion is on behalf of herself and her sister, Edwardyne Ann Ellison, III. (Id.) This is consistent with Edwardyne Ann Ellison, III's previous filings which requested the funds be spilt equally between them. (Ans., DE # 23; Mot. DE # 32, at 1.)

prejudice because of Ellison's then-pending appeal. (DE # 35.) On 30 April 2018, defendants filed the instant motion.

The insurance proceeds at issue in this interpleader action are controlled by North Carolina's "slayer statute," which prohibits a person convicted of killing from acquiring any property or receiving any benefits as a result of the victim's death. N.C. Gen. Stat. § 31A-3. A slayer is defined as "a person who, by a court of competent jurisdiction, is convicted as a principle or accessory before the fact of the willful and unlawful killing of another person." Id. § 31A-3(3)(a).

Here, the Court of Appeals affirmed Mr. Ellison's conviction on 16 May 2017, see State v. Ellison, 799 S.E.2d 286 (N.C. Ct. App. 2017); (see also Order, DE # 37-1, at 15), and the deadline to file a Notice of Appeal before the North Carolina Supreme Court has since elapsed, see N.C. R. App. P. 15(b). Accordingly, Ellison qualifies as a "slayer" under North Carolina law and as such, is barred from recovery of any of the interpleaded funds. Defendants' motion for disbursement of funds is GRANTED. The clerk is DIRECTED to pay to defendants at the addresses listed in the motion, in equal shares, those funds being held pursuant to the court's 6 September 2012 order, less any registry fee owed the court, and close the case.

This 12 July 2019.

_____
W. Earl Britt
Senior U.S. District Judge